IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ORLANDO JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 323-084 |
| | ) |
| DOUG WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Baldwin State Prison in Hardwick, Georgia,[1] filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia, as well as Coffee Correctional Facility in Nichols, Georgia, and Jackson County Correctional Facility in Jefferson, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

---

[1] Pursuant to a change of address submitted in another case in this District, Jefferson v. Wheeler Corr. Facility, CV 322-055, doc. no. 31 (S.D. Ga. Dec. 12, 2023), the Court is aware Plaintiff is now incarcerated at Baldwin State Prison, and his address has been updated accordingly in this case. However, the Court reminds Plaintiff of his responsibility to keep the Court apprised of his current address for each of his pending cases. (See doc. no. 8, p. 6.). Any future failure to submit a change of address may result in dismissal of Plaintiff's case.

I.  **SCREENING THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

In his amended complaint, Plaintiff names Warden Doug Williams as the only Defendant. (Doc. no. 10, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. While incarcerated at Coffee Correctional Facility, Plaintiff's due process rights were violated, and he was later "sold" to Jackson County Correctional Facility. (Id. at 4.) At an undisclosed time, while at Wheeler, prison officials violated Plaintiff's due process rights and exhibited deliberate indifference to his medical needs. (Id.) Plaintiff also contends, without explanation, he was kidnapped, is subject to false imprisonment, and was a victim of human trafficking and embezzlement. (Id.) During his incarceration, Plaintiff has experienced various injuries in including a broken back, a torn side tendon, and a crushed disk. (Id. at 5.) Plaintiff was also sexually assaulted, starved, robbed and beaten by undisclosed individuals. (Id.) In response to these events, prison officials gave Plaintiff 1000 mg tablets of acetaminophen and 800 mg tablets of ibuprofen. (Id.) For relief, Plaintiff requests monetary damages, "a penthouse suite at the Westin Hotel in Atlanta," and other equitable relief "until [Plaintiff has] been retried and finishe[s] physical therapy."

   B.  **DISCUSSION**

     1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

(1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

### 2. Plaintiff Fails to State a Claim Against Defendant Williams

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendant Williams in the caption of his amended complaint, Plaintiff does not mention him anywhere in the statement of his claim nor does he make any allegations associating Defendant with any purported constitutional violations. (See generally doc. no. 10.) Dismissal of Defendant Williams is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Moreover, Plaintiff fails to state a claim against Defendant Williams by virtue of his supervisory position at Wheeler. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely alleges Defendant Williams is the Warden at Wheeler. (See generally doc. no. 10.) However, he does not allege Defendant Williams participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between Defendant Williams and the asserted constitutional violations in order to hold the defendant liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendant Williams liable. Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at Wheeler, (2) an improper custom or policy put in place by Defendant regarding treatment of inmates, or (3) an inference Defendant directed prison employees to act, or knew they would act, unlawfully. Indeed, as already explained above, Plaintiff does not mention Defendant Williams in his statement of the claim. In sum, Plaintiff has not shown Defendant Williams actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Williams.

II. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of January, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA